IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT STRICKLIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-CV-02876-E |
| | § | |
| STATE FARM LLOYDS AND | § | |
| ANGEL ARMENDARIZ, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Robert Stricklin's Motion to Remand (Doc. 7). The Court has reviewed the motion, response, the record, and applicable law and determined that, because the amount in controversy here does not meet the statutory requirements, this Court does not have jurisdiction over this case. As such, the Motion to Remand is **GRANTED**.

### I. Background

This case concerns a dispute over residential property insurance coverage between Robert Stricklin and State Farm Lloyds (State Farm). On August 30, 2020, Plaintiff suffered damage to his home due to a hail and windstorm damage and subsequently filed an insurance claim with State Farm for the alleged damage. State Farm assigned Angel Armendariz (Armendariz) to adjust Plaintiff's insurance claim. Following a dispute over the extent of the covered damage, Plaintiff filed this suit in Texas state court, alleging breach of contract, violations of the Texas Insurance Code, breach of the duty of good faith and fair dealing, and breach of warranty. (Doc. 1-5). Thereafter, State Farm timely removed this case to federal court arguing that Armendariz was improperly joined. (Doc. 1). Plaintiff then responded with a motion to remand, asserting that

1

joinder was not improper and that this Court lacked subject-matter jurisdiction due to a lack of complete diversity. (Doc. 7).

## II. Legal Standard

"Federal courts are courts of limited jurisdiction." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)). Thus, courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id.* (citation omitted). And "[i]f the record does not contain sufficient evidence to show that subject matter jurisdiction exists, 'a federal court does not have jurisdiction over the case.'" *Id.* (citation omitted).

A defendant may remove a case from state to federal court based on diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a), 1441(a). The party seeking to assert federal jurisdiction has the burden of proving the facts establishing subject-matter jurisdiction by a preponderance of the evidence. *New Orleans & Gulf Coast Ry. Co. v. Barrios*, 533 F.3d 321, 327 (5th Cir. 2008) (citations omitted). Thus, when a suit is removed based on diversity jurisdiction, the removing party must establish by a preponderance of the evidence that: (1) the amount in controversy exceeds $75,000; and (2) all person on one side of the controversy are citizens of different states than all persons on the other side of the controversy. *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 293 (5th Cir. 2019) (citation omitted).

## III. Analysis

The amount in controversy is determined at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 993 (5th Cir. 2000) (citations omitted). A court may determine that

removal is proper if it is facially apparent from the state court petition that the claims are likely to exceed the amount in controversy requirement. *See De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). Thus, to determine whether the amount in controversy requirement is met, courts must first look to whether a plaintiff has alleged a *specific* amount of damages in the original petition. *See id.* Here, Plaintiff stated in his original state court petition—which was operative at the time of removal—that he is seeking "monetary relief of less than $250,000." (Doc. 1-5, pg. 2, ¶ 5). The Plaintiff, then, provides no indication that the monetary relief he is seeking exceeds the $75,000 threshold required by 28 U.S.C. § 1332(a). Therefore, it is not facially apparent from the state court petition that the claims are likely to exceed $75,000.

If the facially apparent test is not met, "the removing defendant must prove by a preponderance of evidence that the amount in controversy exceeds [$75,000]." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995) (quoting *De Aguilar*, 11 F.3d at 58). Here, State Farm does not provide any evidence to establish that the amount in controversy exceeds the statutory requirement. Instead, in its Notice of Removal, State Farm states only that:

> Plaintiff pleads he seeks 'monetary relief of $250,000 or less.'[] As such, a jury could award damages greater than $75,000 in this case and therefore the amount in controversy exceeds $75,000 or the purpose of diversity jurisdiction.

(Doc. 1, pg. 11, ¶ 28). State Farm provides no evidence to support its assertion that the amount in controversy in this case exceeds $75,000. Furthermore, it was Plaintiff who provided the only specific dollar figure relating to the damage to the covered property—he reported a claim of $24,063.66 to State Farm. (Doc. 1-5, pg. 2, ¶ 12). As such, State Farm has not proven by a preponderance of evidence that the amount in controversy meets the statutory requirements for diversity jurisdiction.

### IV. Conclusion

For the reasons discussed above, Plaintiff's Motion to Remand (Doc. 7) is **GRANTED**. This case is **REMANDED** to the County Court at Law No. 1, Dallas County, Texas, for further proceedings.

**SO ORDERED:** September 27, 2022.

Ada Brown
UNITED STATES DISTRICT JUDGE